Marianne C. Tolomeo (NJ Bar #007001987)
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 535-0500
Fax: (973) 535-9217
*Attorneys for Defendant*
*University of Notre Dame du Lac*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE MANDARAKAS<br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NOTRE DAME DU LAC.<br>Defendants. | Civil Action No.: 2:23- cv- 02539<br><br>**ANSWER TO THE "FIRST AMENDED CIVIL ACTION COMPLAINT" BY DEFENDANT UNIVERSITY OF NOTRE DAME DU LAC** |

Defendant University of Notre Dame du Lac (hereafter "Answering Defendant"), through its undersigned counsel Connell Foley LLP, by way of Answer to the First Amended Complaint of Plaintiff George Mandarakas, (hereinafter "Plaintiff"), says:

1. The Answering Defendant avers that the allegations contained in Paragraph 1 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2. The Answering Defendant denies the allegation in Paragraph 2 of the First Amended Complaint.

3. The Answering Defendant avers that the allegations contained in Paragraph 3 of the First Amended Complaint are legal conclusions to which no response is required. To the

extent a response is required, the allegation that Notre Dame is a "citizen" of Indiana is denied and the remaining allegations in Paragraph 3 are admitted..

4. The Answering Defendant avers that the allegations contained in Paragraph 4 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant admits that it is a citizen of Indiana and denies the remaining allegations of this paragraph.

5. The Answering Defendant avers that the allegations contained in Paragraph 5 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant admits that the Court has jurisdiction over the First Count of the referenced Complaint because it arises under federal law and that it currently has supplemental jurisdiction over the state law claim asserted in Count Two of the referenced Complaint.

6. The Answering Defendant avers that the allegations contained in Paragraph 6 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations of this paragraph.

7. The Answering Defendant avers that the allegations contained in Paragraph 7 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations of this paragraph.

## PARTIES

8. The Answering Defendant repeats each and every response to the allegations set forth in the preceding Paragraphs of the First Amended Complaint and incorporates them as if expressly set forth herein.

9. The Answering Defendant denies the allegation contained in Paragraph 9 of the First Amended Complaint.

10. The Answering Defendant admits the allegation contained in Paragraph 10 of the First Amended Complaint that it is a private Catholic research university, and denies the remaining allegations in this paragraph.

11. The Answering Defendant avers that the allegations contained in Paragraph 11 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations of this paragraph.

**FACTUAL BACKGROUND**

12. The Answering Defendant repeats and realleges its responses to the preceding Paragraphs of the First Amended Complaint as if set forth at length herein.

13. The Answering Defendant admits that Plaintiff is a graduate of the University of Notre Dame and that he was employed by the University in the position identified in Paragraph 13 of the First Amended Complaint. The Answering Defendant denies the remaining allegations of this paragraph.

14. The Answering Defendant admits that it is "headquartered" in Indiana, and denies the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. The Answering Defendant admits that during a portion of Plaintiff's employment with the University, Josh Tullis served as one of Plaintiff's supervisors and denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16. The Answering Defendant denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17. The Answering Defendant denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18. The Answering Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19. The Answering Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20. The Answering Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. The Answering Defendant admits that Plaintiff was given a final warning regarding his job performance on March 16, 2021, and that the grounds for the warning included his "professionalism" and his "performance." The Answering Defendant denies these were the only grounds for the warning, and avers that the letter dated March 16, 2021 from Drew Buscareno to Plaintiff speaks for itself.

22. The Answering Defendant denies the allegations contained in Paragraph 22 of the Fist Amended Complaint.

23. In response to Paragraph 23 of the First Amended Complaint, the Answering Defendant admits that it warned Plaintiff on March 16, 2021 that his appearance on Zoom calls was unprofessional, but denies that this warning was "petty," that it referred to being "dressed too casually" or that his dress was the only basis for the warning regarding professionalism.

24. The Answering Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. The Answering Defendant admits that deficiencies addressed in the March 16, 2021 Final Warning included the mode of his participation in Zoom meetings, and denies the remaining allegations contained in Paragraph 25 of the First Amended Complaint.

26. The Answering Defendant admits that the grounds for the March 16, 2021 final warning included deficiencies in Plaintiff's fundraising performance, and denies that the remaining allegations in Paragraph 2 6 of the First Amended Complaint.

27. The Answering Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28. The Answering Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint.

29. The Answering Defendant denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30. The Answering Defendant avers that the allegations regarding a "progressive discipline policy" contained in Paragraph 30 of the First Amended Complaint are too vague to permit response. The Answering Defendant denies the remaining allegations in this paragraph.

31. The Answering Defendant admits that Plaintiff requested FMLA leave on May 5, 2021, and denies the remaining allegations contained in Paragraph 31 of the First Amended Complaint.

32. The Answering Defendant avers that the allegations contained in Paragraph 32 of the First Amended Complaint are too vague to permit response and are therefore denied.

33. The Answering Defendant denies the allegations contained in Paragraph 33 of the First Amended Complaint. To the extent that Plaintiff refers to caselaw construing the FMLA in footnote 1 to this paragraph, the Answering Defendant avers that no answer is required.

34. The Answering Defendant denies the allegations contained in Paragraph 34 of the First Amended Complaint that it interfered with Plaintiff's leave and neither admits not denies the remaining allegations of this paragraph relating to Plaintiff's communications with a non-party because they are too vague and ambiguous to permit a response

35. The Answering Defendant admits that there was an email sent by a Sedgwick employee to a Notre Dame employee on May 12, 2021, and neither admits nor denies the remaining allegations of Paragraph 35 of the First Amended Complaint and avers that the email speaks for itself.

36. The Answering Defendant admits that there were communications between it and Sedgwick regarding Plaintiff's FMLA leave, and denies the remaining allegations contained in Paragraph 36 of the First Amended Complaint.

37. The Answering Defendant denies any allegations contained in Paragraph 37 of the First Amended Complaint that it "pressured" Rigsby or that it required him to attend work meetings during his FMLA leave. The Answering Defendant neither admits not denies the remaining allegations in this paragraph regarding Plaintiff's communications with a non-party.

38. The Answering Defendant admits that Plaintiff was terminated effective May 31, 2021 and denies that Plaintiff had not been made aware of his termination prior to June 14, 2021. The Answering Defendant neither admits nor denies the remaining allegations contained in Paragraph 38 of the First Amended Complaint regarding Plaintiff's communication with a non-party.

39. The Answering Defendant admits the allegation contained in Paragraph 39 of the First Amended Complaint that Plaintiff contacted Reverend Jenkins following Plaintiff's termination, and avers that the communication was in writing and the content of such written

communication speaks for itself. The Answering Defendant denies all remaining allegations in this paragraph.

40. The Answering Defendant admits the allegation in Paragraph 40 of the First Amended Complaint that counsel for Notre Dame responded to Plaintiff's letter to Reverend Jenkins, and communicated that no wrongdoing was found and Plaintiff would not be reinstated. The Answering Defendant denies any remaining allegation in this paragraph.

41. The Answering Defendant denies the allegations in Paragraph 41 of the First Amended Complaint.

**COUNT I**

**Violations of the Family and Medical Leave Act ("FMLA")**
**([1] Interference & [2] Retaliation)**

42. The Answering Defendant repeats each and every response to the allegations set forth in the preceding Paragraphs of the First Amended Complaint and incorporates them as if expressly set forth herein.

43. The Answering Defendant avers that the allegations contained in Paragraph 43 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations in this Paragraph.

44. The Answering Defendant avers that the allegations contained in Paragraph 44 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations in this Paragraph.

45. The Answering Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46. The Answering Defendant avers that the allegations contained in Paragraph 46 of the First Amended Complaint are legal conclusions to which no response is required. To the extent

a response is required, the Answering Defendant neither admits nor denies the allegations and avers that the cited statute speaks for itself.

47. The Answering Defendant avers that the allegations contained in Paragraph 47 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations of this Paragraph.

48. The Answering Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49. The Answering Defendant denies the allegations contained in Paragraph 49 of the First Amended Complaint.

50. The Answering Defendant denies the allegations contained in Paragraph 50 of the First Amended Complaint.

**COUNT II**

**Violation of the New Jersey Family Leave Act (NJFLA)**
**(Retaliation & Interference)**

51. The Answering Defendant repeats each and every response to the allegations set forth in the preceding Paragraphs of the First Amended Complaint and incorporates them as if expressly set forth herein.

52. The Answering Defendant denies the allegations contained in Paragraph 52 of the First Amended Complaint.

53. The Answering Defendant avers that the allegations contained in Paragraph 53 of the First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations and avers that the cited statute speaks for itself.

54. The Answering Defendant denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55. The Answering Defendant denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56. The Answering Defendant denies the allegations contained in Paragraph 56 of the First Amended Complaint.

57. The Answering Defendant denies the allegations contained in Paragraph 57 of the First Amended Complaint.

58. The Answering Defendant denies the allegations contained in Paragraph 58 of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks jurisdiction over the Answering Defendant.

3. The First Amended Complaint must be dismissed due to insufficiency of service of process.

4. Plaintiff's claims are estopped and barred by his own conduct, wrongful actions, misconduct, bad faith, fraud and unclean hands.

5. The Answering Defendant did not engage in any unlawful practice or acts and its actions at all times were taken in good faith and in accord with all applicable laws, rules and regulations, public policy and equity.

6. The Answering Defendant had legitimate non-discriminatory and non-retaliatory reasons for terminating Plaintiff.

7. Plaintiff's demand for punitive damages is barred because the Answering Defendant did not act with malice or with reckless indifference to Plaintiff's legally protected rights and because punitive damages cannot be awarded without violating the cited statutes and the Answering Defendant's due process rights under the New Jersey and United States constitution.

8. Plaintiff is not entitled to an award of liquidated damages under the FMLA or NJFLA because the Answering Defendant's actions in connection with Plaintiff's leave and termination were not willful and were taken in good faith and with reasonable grounds for believing there was no violation of the FMLA and/or NJFLA.

9. Plaintiff's claims are barred to the extent he failed to exhaust all statutory administrative remedies and/or did not satisfy all jurisdictional prerequisites or conditions precedent to filing suit.

10. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or by the doctrine of laches.

11. Plaintiff's claims are barred because the termination decision was made on the basis of reasonable factors other than Plaintiff's exercise of rights under the FMLA and/or the NJFLA

12. The claims set forth in the First Amended Complaint are deficient because the Answering Defendant did not breach any obligations or duties owed to Plaintiff.

13. Plaintiff's claims and the filing of the First Amended Complaint are frivolous, groundless, and have been made and brought in bad faith.

14. Plaintiff failed to mitigate his damages and losses, all of which damages and losses are specifically denied.

15. Plaintiff's claims are barred, in whole or in part, because he lacks standing to bring such claims.

16. Plaintiff's claims are barred, in whole or in part, by the terms of all applicable agreements and documents between the parties, including the requirements for seeking FMLA and/or NJFLA leave.

17. Plaintiff's claims are barred by the after-acquired evidence doctrine.

18. To the extent Plaintiff engaged in acts of misconduct prior to or during his employment which, if known by the Answering Defendant, would have resulted in the termination of Plaintiff's employment, the relief awarded to Plaintiff should be barred in whole or in part.

19. Plaintiff's claims are barred to the extent that they were not set forth in his administrative charges to the EEOC.

20. Even if Plaintiff could prove that a prohibited factor motived the Answering Defendant's employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and Plaintiff's claims must therefore fail.

21. The Answering Defendant did not interfere with the exercise of Plaintiff's rights under the FMLA and/or the NJFLA.

22. The Answering Defendant did not retaliate against Plaintiff for the exercise of any rights provided by the FMLA and/or the NJFLA.

23. Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, and judicial estoppel.

24. Plaintiff's claims are barred by the election of remedies doctrines.

25. Plaintiff's claims are barred by his misrepresentations and concealment in connection with his requests for leave.

26. Plaintiff has waived his claims for relief, including but not limited to, any claim for leave and/or other relief under the NJFLA.

27. Plaintiff's claims are barred by the entire controversy doctrine.

28. The Answering Defendant expressly reserves the right to amend, modify or supplement these Affirmative Defenses as necessary and to allege additional Affirmative Defenses upon further investigation and discovery.

**WHEREFORE**, The Answering Defendant demands judgment in its favor dismissing the First Amended Complaint in its entirety with prejudice and awarding reasonable attorney's fees incurred in defense of this suit and such other relief as the Court deems just and proper.

CONNELL FOLEY LLP
Attorneys for Defendant,
University of Notre Dame Du Lac

BY: */s/ Marianne C. Tolomeo*
Marianne C. Tolomeo

Dated: June 28, 2023